The opinion of the Court was delivered by
Wardlaw, J.
The defendant has mainly urged that the *553 ordinance in question is not witbin tbe power delegated to tbe Council, because it is in restraint of trade, and in violation of tbe ordinary rights of a citizen, and therefore repugnant to tbe laws of tbe State. ' Eor authority be has referred to tbe case of Dunham vs. Rochester, 5 Cow., 462.
Tbe general principle maintained in that case, that a bylaw must appear to be within tbe power granted to a corporation, we freely admit:-the application which was made of tbe principle to tbe charter and ordinance, considered in that case, we will not undertake to examine. Turning to tbe argument of tbe plaintiff, we find that markets with exclusive privileges are of great antiquity and universal prevalence; that they have been deemed useful to both producers and consumers, and moreover serviceable in respect to health and good order: that a distinction is recognized between the restraint of trade and its regulation, and that by tbe Act incorporating Winnsborough (11 Stat., 505, § 4,) plenary power, subject to tbe laws of the State, is given to the Council, concerning markets, health and good order. Tbe eases which have been decided in our own State leave no doubt that tbe Council of Winnsborough bad power to pass the ordinance now in question, and that its expediency was a matter for the sound judgment of the Council, over which no supervision can be exercised by a Court. (See 2 McM., 233; 2 Speer, 435: 4 Strob., 241.)
The motion is dismissed.
. O’Neall, Withers, Whitker, Glover and Mustro, JJ., concurred.

Motion dismissed.